UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SANDY ROBLES,
individually and on behalf of
all others similarly situated,

      Plaintiff,                      CASE NO. 18-cv-1809

    v.

BRUNSWICK CORPORATION d/b/a
MERCURY MARINE,

      Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Sandy Robles, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees of Defendant Brunswick Corporation d/b/a Mercury Marine ("Mercury Marine") in Wisconsin at times since November 15, 2015 and were denied agreed upon and overtime wages under illegal pay policies and practices in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws. Specifically, Mercury Marine has a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked. As a result, Mercury Marine has denied Plaintiff Sandy Robles and the putative class members

of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

2. Plaintiff Robles brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

3. Plaintiff Robles also brings this action, on behalf of herself and all other similarly situated employees, pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.*, 103.01 *et seq.*, Wis. Admin. Code §§ DWD 272.001 *et seq.*, and DWD 274.001 *et seq.*, for purposes of obtaining relief for unpaid overtime compensation, agreed-upon wages, and back pay in addition to civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Mercury Marine has substantial and systematic contacts in this district.

## PARTIES

7. Defendant Brunswick Corporation is a Foreign Corporation with a principal place of business located at 26125 N. Riverwoods Drive, Suite 500, Mettawa, Illinois 60045.

8. Mercury Marine is a division of Defendant Brunswick Corporation and Mercury Marine's world headquarters is located in Fond du Lac, Wisconsin.

9. Mercury Marine operates a manufacturing location in Fond du Lac, Wisconsin.

10. Mercury Marine's registered agent for service of process in the State of Wisconsin is Corporation Service Company located at 301 S. Bedford Street, Ste 1, Madison, WI 53703.

11. Plaintiff Sandy Robles (hereinafter "Robles") is an adult resident of Fond du Lac County in the State of Wisconsin. Plaintiff Robles is a former employee of Mercury Marine who worked as an Assembler from approximately August 2016 until approximately November 20, 2016. Plaintiff Robles' Notice of Consent to Join

this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

12. Plaintiff Robles brings this action individually and on behalf of the Collective Rounding Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Rounding Class** is defined as follows:

> All persons who are or have been employed by Mercury Marine in Wisconsin and who were paid on an hourly basis at any time since November 15, 2015.

13. Plaintiff Robles brings this action individually and on behalf of the Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rounding Class** is defined as follows:

> All persons who are or have been employed by Mercury Marine in Wisconsin and who were paid on an hourly basis at any time since November 15, 2016.

14. The Collective Rounding Class and Wisconsin Rounding Class are hereinafter referred to collectively as the "Classes."

## GENERAL ALLEGATIONS

15. Plaintiff Robles and the Collective Rounding Class work, or have worked, for Mercury Marine as hourly employees at Mercury Marine's Wisconsin locations at times since November 15, 2015.

16. Plaintiff Robles and the Wisconsin Rounding Class work, or have worked, for Mercury Marine as hourly employees at Mercury Marine's Wisconsin locations at times since November 15, 2016.

17. Mercury Marine is a leading manufacturer of marine engines.

18. Since November 15, 2015, Plaintiff Robles and the Classes have been paid on an hourly basis for their work at Mercury Marine's Wisconsin facilities.

19. Since November 15, 2016, Mercury Marine, Plaintiff Robles, and the Wisconsin Rounding Class have agreed to specific hourly rates which were to be paid to Plaintiff Robles and the Wisconsin Rounding Class in exchange for their hours worked in each workweek for Mercury Marine.

20. Since November 15, 2015, Mercury Marine has implemented a time clock rounding policy uniformly applicable to Plaintiff Robles and the Classes where members of the Classes' in-punches were rounded forward to the shift start time, only in Mercury Marine's favor.

21. Since November 15, 2015, Mercury Marine has implemented a time clock rounding policy uniformly applicable to Plaintiff Robles and the Classes where members of the Classes' late in-punches were rounded forward to the next quarter hour, only in Mercury Marine's favor.

22. Since November 15, 2015, Mercury Marine has implemented a time clock rounding policy uniformly applicable to Plaintiff Robles and the Classes where members of the Classes' out-punches were rounded back to the shift end time, only in Mercury Marine's favor.

23. Since November 15, 2015, Mercury Marine has implemented a time clock rounding policy uniformly applicable to Plaintiff Robles and the Classes where members of the Classes' early out-punches were rounded forward to the prior quarter hour, only in Mercury Marine's favor.

24. Under Mercury Marine's uniform time clock rounding policy, Mercury Marine did not round the Classes' start and end times to the nearest rounded interval, despite the fact that member of the Classes performed compensable work during the period of time which was rounded.

25. Plaintiff Robles generally worked third shift for Mercury Marine.

26. Plaintiff Robles' shift generally started at 10:30 p.m. through 7:00 a.m. with a thirty-minute unpaid meal period.

27. Plaintiff Robles normal schedule was to work five days a week.

28. Plaintiff Robles' was generally scheduled to work forty hours a week

29. Because of mandatory overtime, Plaintiff Robles worked more than forty hours a week during her employment with Mercury Marine.

30. In those workweeks where Plaintiff Robles worked more than forty hours in a workweek, Mercury Marine failed to pay Plaintiff Robles for all hours worked because of Mercury Marine's uniform time clock rounding policy.

31. In those workweeks where Plaintiff Robles worked more than forty hours in a workweek, Plaintiff Robles punched in and began performing compensable work five to ten minutes prior to 10:30 p.m. Despite performing this work, Plaintiff Robles was not paid for this pre-shift time because of Mercury Marine's uniform time clock rounding policy.

32. In those workweeks where Plaintiff Robles worked more than forty hours in a workweek, Plaintiff Robles occasionally punched out after performing compensable work five to ten minutes after to 7:00 a.m. Despite performing this

work, Plaintiff Robles was not paid for this post-shift time because of Mercury Marine's uniform time clock rounding policy.

33. As further examples, under Mercury Marine's uniform time clock rounding policy, if a member of the Classes punched in at 5:44 a.m. and began performing compensable work, Mercury Marine would not pay for that pre-shift time because it would round the start time in Mercury Marine's favor to 6:00 a.m.

34. Likewise, under Mercury Marine's uniform time clock rounding policy, if an employee worked until and punched out at 2:43 p.m., Mercury Marine would not pay for that post-shift time because it would round the end time back to 2:30 p.m. despite the employee performing compensable work after 2:00 p.m.

35. Additionally, under Mercury Marine's uniform time clock rounding policy, if an employee punched in at 6:32 a.m., two minutes late for their shift, Mercury Marine would round up to 6:45 a.m.

36. Since November 15, 2015, Mercury Marine has required Plaintiff Robles and the Classes to be in their work area ready to begin their job duties at the start of their shift.

37. As a result, since November 15, 2015, Plaintiff Robles and the Classes have performed compensable work prior to the start of their scheduled shift, but after they punched in. Under Mercury Marine's uniform time clock rounding policy, Plaintiff Robles and the Classes have not been paid for this compensable work time.

38. Since November 15, 2015, after punching in, but before the start of their scheduled shift, Plaintiff Robles and the Classes have performed such work as

checking with the previous shift operators regarding what jobs need to be completed during the Classes' shift, wiping down motors, making tags, prepping and moving materials around, among other tasks.

39. Since November 15, 2015, Mercury Marine has suffered or permitted Plaintiff Robles to regularly perform uncompensated work, including work exceeding forty hours, during workweeks in which Mercury Marine applied its uniform time clock rounding policy.

40. Since November 15, 2015, Mercury Marine has suffered or permitted the Classes to regularly perform uncompensated work, including work exceeding forty hours, during workweeks in which Mercury Marine applied its uniform time clock rounding policy.

41. As a result of applying this time clock rounding policy, Mercury Marine improperly denied Plaintiff Robles, the Collective Rounding Class, and the Wisconsin Rounding Class of compensation at one and one-half times their respective regular rates for hours worked in excess of forty in many workweeks since November 15, 2015.

42. Since November 15, 2016, Mercury Marine's application of its time clock rounding policy resulted in employees, including Plaintiff Robles, the Collective Rounding Class, and the Wisconsin Rounding Class being suffered or permitted to perform work for Mercury Marine without compensation at their agreed-upon hourly rates.

43. Mercury Marine's impermissible time clock rounding policy consistently operated to the disadvantage of Mercury Marine's employees.

44. Mercury Marine's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Robles, the Collective Rounding Class, and the Wisconsin Rounding Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45. Plaintiff Robles and the Collective Rounding Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Mercury Marine's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Robles as stated herein are the same as those of the Collective Rounding Class.

46. Plaintiff Robles and the Collective Rounding Class seek relief on a collective basis challenging, among other FLSA violations, Mercury Marine's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

47. The FLSA Section 216(b) Collective Rounding Class members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Mercury Marine. Notice can be provided to the Collective Rounding Class via first class mail

to the last address known to Mercury Marine and through postings at Mercury Marine's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

48. Plaintiff Robles brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rounding Class for violations occurring on or after November 15, 2016 (the "Wisconsin Rounding Class Period").

49. The proposed Wisconsin Rounding Class members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Mercury Marine, upon information and belief, there are over 40 members in the Wisconsin Rounding Class.

50. Plaintiff Robles' claims are typical of those claims that could be alleged by any member of the Wisconsin Rounding Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rounding Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Mercury Marine and Mercury Marine benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rounding Class. Plaintiff Robles and the other members of the Wisconsin Rounding Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

51. Plaintiff Robles is able to fairly and adequately protect the interests of the Wisconsin Rounding Class, has no interests antagonistic to the Wisconsin Rounding Class, and has retained counsel experienced in complex wage and hour class action litigation.

52. There are questions of fact and law common to the Wisconsin Rounding Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Mercury Marine's actions include, without limitation, the following:

   a) Whether Mercury Marine's rounding policy violated Wisconsin's wage laws;

   b) Whether Mercury Marine failed to pay the Wisconsin Rounding Class for all work Mercury Marine suffered or permitted Plaintiff Robles and the Wisconsin Rounding Class to perform; and

   c) The nature and extent of class-wide injury and the measure of damages for the injury.

53. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

54. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

# FIRST CLAIM FOR RELIEF
## Violations of the FLSA – Unpaid Overtime Compensation

55. Plaintiff Robles, individually and on behalf of the Collective Rounding Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

56. Since November 15, 2015, Plaintiff Robles and the Collective Rounding Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

57. Since November 15, 2015, Mercury Marine has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

58. Since November 15, 2015, Plaintiff Robles and the members of the Collective Rounding Class have been employees within the meaning of 29 U.S.C. § 203(e).

59. Since November 15, 2015, Mercury Marine has been an employer of Plaintiff Robles and the Collective Rounding Class as provided under 29 U.S.C. § 203(d).

60. Since November 15, 2015, Mercury Marine has violated the FLSA by failing to pay overtime compensation due to Plaintiff Robles and the Collective Rounding Class for each hour worked in excess of forty hours in any given workweek.

61. Plaintiff Robles and the Collective Rounding Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling

because Mercury Marine acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

62. Alternatively, should the Court find that Mercury Marine did not act willfully in failing to pay overtime premium wages, Plaintiff Robles and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

63. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Overtime and Agreed-Upon Wages

64. Plaintiff Robles, individually and on behalf of the Wisconsin Rounding Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

65. Since November 15, 2016, Plaintiff Robles and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

66. Since November 15, 2016, Plaintiff Robles and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

67. Since November 15, 2016, Plaintiff Robles and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

68. Since November 15, 2016, Plaintiff Robles and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

69. Since November 15, 2016, Plaintiff Robles and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

70. Since November 15, 2016, Mercury Marine was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

71. Since November 15, 2016, Mercury Marine was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

72. Since November 15, 2016, Mercury Marine was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

73. Since November 15, 2016, Mercury Marine was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

74. Since November 15, 2016, Mercury Marine was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

75. Since November 15, 2016, Mercury Marine has employed, and/or continues to employ Plaintiff Robles and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

76. Since November 15, 2016, Mercury Marine has employed, and/or continues to employ Plaintiff Robles and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

77. Since November 15, 2016, Mercury Marine has employed, and/or continues to employ Plaintiff Robles and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

78. Since November 15, 2016, Mercury Marine has employed, and/or continues to employ Plaintiff Robles and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

79. Since November 15, 2016, Mercury Marine has employed, and/or continues to employ Plaintiff Robles and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

80. Since November 15, 2016, Plaintiff Robles and the Wisconsin Rounding Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

81. Since November 15, 2016, Mercury Marine had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Rounding Class overtime wages for all hours worked in excess of forty hours in a given workweek.

82. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

83. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime and agreed-upon wages.

Page 15 of 18

Case 2:18-cv-01809-WED   Filed 11/15/18   Page 15 of 18   Document 1

84. As set forth above, Plaintiff Robles and the Wisconsin Rounding Class have sustained losses in their compensation as a proximate result of Mercury Marine's violations. Accordingly, Plaintiff Robles, individually and on behalf of the Wisconsin Rounding Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Mercury Marine to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, declaratory relief, and such other legal and equitable relief as the Court deems just and proper.

85. Under Wis. Stat. §109.11, Plaintiff Robles and the Wisconsin Rounding Class may be entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

86. Plaintiff Robles, individually and on behalf of the Wisconsin Rounding Class, are entitled to the recovery of their attorneys' fees and costs incurred in this matter pursuant to Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Robles, individually and on behalf of all members of the Collective Rounding Class and the Wisconsin Rounding Class hereby requests the following relief:

a) At the earliest time possible, an Order designating this action as a collective action on behalf of the Collective Rounding Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an Order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rounding Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An Oder designating Plaintiff Sandy Robles as the Named Plaintiff and as representative of the Wisconsin Rounding Class set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Mercury Marine's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

g) An Order finding that Mercury Marine violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations are willful;

i) Judgement against Mercury Marine in the amount equal to the Plaintiff's, the Collective Rounding Class', and the Wisconsin Rounding Class' unpaid wages at the applicable agreed-upon wage and overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 15th day of November, 2018.

Respectfully submitted,

*s/ LARRY A. JOHNSON*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404

Page 17 of 18

Case 2:18-cv-01809-WED   Filed 11/15/18   Page 17 of 18   Document 1

Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail:  ljohnson@hq-law.com
         smurshid@hq-law.com
         tmaynard@hq-law.con