UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDY ROBLES,

    Plaintiff,

v.

Case No. 18-cv-1809

BRUNSWICK CORPORATION
d/b/a MERCURY MARINE,

    Defendant.

## DECLARATION OF THOMAS WEEKS

I, Thomas Weeks, an adult resident of the State of Wisconsin, declare as follows:

1. I have been employed at Mercury since July 2013. I am currently employed in the position of Investment Casting Technician III, 1st shift, at Mercury Marine's Fond du Lac facility. I have been employed in this position since October 2017. Prior to this role, I worked in a variety of roles within the Casting & Investment Casting departments for approximately four (4) years and three (3) months. I also hold the role of Plant 98 Chairman in the International Association of Machinists Lodge #1947, which is the Union that represents the hourly employees at Mercury Marine's Fond du Lac facility. I have personal knowledge of the facts stated herein and base this declaration on my personal experience and observations.

2. In my capacity with the Union as Plant 98 Chairman, I am directly responsible for and/or involved in collective bargaining and pursuing grievances on behalf of the Union and its members.

3. I am aware that Mercury Marine's Fond du Lac facility utilizes a twenty-nine (29) minute pre-shift clock-in period and a fourteen (14) minute post-shift clock-out period. I am not

expected to work during the pre-shift clock-in period or during the post-shift clock-out period unless I have been scheduled to do so and am compensated for working during these time periods. The Union is also aware of this practice and the fact that bargaining unit employees are not expected to work during such time periods unless their supervisor alters their schedule and they are compensated for such time. Indeed, this process of grace periods was put in place many years ago and was designed to benefit employees so that if they arrived early to engage in personal activities (such as putting away their belongings, changing clothes, getting coffee, etc.) they could first clock in and would not have to worry about waiting at the time clock right at shift start, as well as not having to wait at the time clock at the end of their shift.

4. My supervisor provides me my schedule on a weekly basis, and I am also able to view my schedule on the time clock(s) at Mercury Marine's Fond du Lac facility where I punch in and punch out.

5. I regularly punch in during the twenty-nine (29) minute pre-shift clock-in period and punch out during the fourteen (14) minute post-shift clock-out period and do not perform any work during these time periods.

6. I have never been instructed by my supervisor (or any other Mercury Marine employee) to perform work during the pre-shift clock-in or post-shift clock-out time periods without such work being scheduled and getting compensated for it. I have been trained to begin working when the shift start bell rings unless my supervisor has altered my shift start time and informed me that I will start another time. I stop working prior to my shift ending and wash up and/or wait in line at the time clock to punch out once my shift is complete.

7. I have never observed another supervisor, manager, or plant human resources member instruct or otherwise inform one of my co-workers that they should perform work

2

QB\58434316.3

Case 2:18-cv-01809-WED   Filed 08/01/19   Page 2 of 3   Document 40

during the pre-shift clock-in or post-shift clock-out periods if they are not scheduled to work during such times.

8. In my capacity as Plant 98 Chairman, I have not filed a grievance on behalf of any hourly employee at Mercury Marine's Fond du Lac facility claiming that they have worked during the pre-shift clock-in period or during the post-shift clock-out period for which they were not compensated.

9. If the Union was made aware that bargaining unit employees were working during the pre-shift clock-in period or during the post-shift clock-out period and were not being compensated, the Union would, at a minimum, address/discuss the situation with both the production operator and management and would potentially pursue a grievance related to such unpaid work if it had not been resolved to the Union's satisfaction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 24, 2019, in Fond du Lac, Wisconsin

*Thomas Weeks* (signature)
Thomas Weeks